# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **NKECHINONYEREM EMELIKE And ERICA BARKER,** | : **Civil Action No. 1:20-cv-05225-MHC** |
| **Plaintiffs,** | : |
| vs. | : |
| **JRK RESIDENTIAL GROUP, INC.,** | : |
| **Defendant.** | : |

---

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Nkechinonyerem Emelike ("Emelike") and Erica Barker ("Barker"), and Defendant JRK Residential Group, Inc ("Defendant") move the Court to review and approve their Settlement Agreement in this FLSA case and in support thereof, show this Court the following:

## I.     INTRODUCTION

On December 28, 2021, Plaintiffs filed the above-captioned action under the Fair Labor Standards Act of 1938, as amended ("the FLSA") against JRK seeking unpaid overtime compensation and, in the case of Emelike, unpaid commissions [Dkt. 1]. On February 3, 2021, the Court entered a Consent Order [Dkt. 13] referring

this matter to arbitration and requiring that any proposed settlement agreement be approved by the Court.

The Parties have now reached an agreement as to the material terms of the settlement, which have been memorialized in the FLSA Settlement Agreement Filed herewith as **Attachment A**. The settlement includes, among other provisions, payment of compensation to Plaintiffs for a significant portion of the unpaid overtime compensation Plaintiffs sought (i.e., 95%), a significant portion of the unpaid commissions Emelike sought and payment of reasonable attorneys' fees and costs to Plaintiffs' counsel, which the Parties' negotiated separately.  The settlement is the product of arms-length negotiations in which all Parties were represented by competent, experienced counsel. It is a fair and reasonable resolution considering all the contested issues in the case and should be approved by this Court.

## II.   <u>BACKGROUND</u>

Plaintiffs alleged in the Complaint that Defendant required them to work overtime off-the-clock and, in the case of Emelike, failed to pay commissions. [Dkt. 1] Specifically, Plaintiffs allege that Defendant employed Emelike as a non-exempt Leasing Consultant and Barker as a non-exempt Leasing Manager but failed to compensate them at one-and-one-half times their regular hourly rates for such off-the-clock overtime. On February 3, 2021, the Court entered a Consent

Order [Dkt. 13] referring this matter to arbitration and requiring that any proposed settlement agreement be approved by the Court.

Plaintiffs estimated that Emelike's maximum possible recovery would be, $4,081.97 in due but unpaid overtime, a like amount in liquidated damages, and due but unpaid commissions of $3500. Plaintiffs further estimated that Barker's maximum possible recovery would be $10,945.50 in unpaid overtime and a like amount in liquidated damages.

The Parties recognized that any outcome in arbitration was uncertain, and even a fully successful outcome for any of the Parties would entail substantial additional time, risk, and expense. Ultimately—and only after arm's-length negotiations—the Parties arrived at the proposed settlement represented in the Settlement Agreement. (See, Ex. A.) Accordingly, the Parties now move the Court for approval of the Settlement Agreement.

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A. The Legal Standard for Approving FLSA Settlements.

*Lynn's Food Stores* requires that the Court review a proposed compromise of FLSA claims for "fairness." The criteria that district courts should consider in determining "fairness" is less than clear. As the Court in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-1 (M.D. Fla. 2010) noted:

3

> *Lynn's Food* requires the Parties to an FLSA compromise to present proposed agreement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." [*Lynn's Foods*,] 679 F.2d at 1353. Although noting the unfairness of the settlements at issue, *Lynn's Food* specifies no criteria for evaluating the "fairness" of a proposed compromise in a different case.

More recently, the United States District Court for the Northern District of Georgia promulgated a similar standard in *Gamble v. Air Serv Corp*., 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017)

### i. Pertinent Information Must be Disclosed to the Court

In *Gamble* and well as *Dees*, the court found that the parties should provide a district court with "enough information for the court to examine the bona fides of the dispute" including the nature of the dispute, the material facts and claims, and an estimate of hours worked or compensation owed in order to understand the nature of the compromise.[1] In addition, the court should address the attorneys' fees agreed upon to insure that the fees agreed upon did not adversely affect a plaintiff's recovery.[2]

---

[1] *Dees v. Hydradry*, Inc*.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)

[2] *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)(quoting

*Bonetti*, 715 F. Supp. 2d 1222 (M.D. Fla.. 2009) (noting that the court would not

The *Dees* Court continued:

> *Bonetti v. Embarq Management Co.,* [715 *F. Supp. 2d* 1222 (M. D. Fla. 2009)], describes the problem faced by a district court:
>
> Short of a bench trial, the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the Parties negotiate a compromise that is acceptable to both sides. The Parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the Parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."[3]

Further from the *Gamble* Court (quoting *Dees)*:

> To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors `**internal' to the compromise**). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (**factors 'external' to the compromise**). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the

---

separately consider the reasonableness of the fee to be paid to counsel unless there

was some indication that settlement amount or process was problematic).

[3] *Dees,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (quoting *Bonetti*).

workplace.[4]

### ii.  The Internal Factors:

The existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel.[5]

### iii.  The External Factors:

Compromise of a retrospective dispute may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance (say, a suddenly disabled claimant or an employer in liquidation) commends a speedy or certain resolution. On the other hand, several factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature

---

[4] *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017)(quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010))(emphasis added)
[5] *Id.*; *Pessoa v. Countrywide Home Loans, Inc.*, 2007 U.S. Dist. LEXIS 24076, 2007 WL 1017577, at 3 (M.D. Fla. Apr. 2, 2007) (quoting *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace. In all instances, the district court should faithfully execute the congressional mandate for "minimum wages, promptly paid . . . for the lowest paid segment of the nation's workers."[6]

The Parties agree that the settlement represents a fair and reasonable compromise of the disputed legal and factual issues in this case and now jointly request that this Court approve it. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties' respective counsel are experienced wage and hour litigators and believe this settlement is fair and reasonable in light of the strengths and weaknesses of the parties' claims and defenses and the risks of continued litigation. The Parties' proposed settlement is the result of extensive, arm's-length negotiations and is not the result of fraud or collusion. Plaintiffs support this settlement, as does their counsel.

## IV.    THIS FLSA COMPROMISE SHOULD BE APPROVED AS FAIR

Because the FLSA's provisions are mandatory and generally "not subject to

---

[6] *Dees* at 1244 (M.D. Fla. 2010) (*quoting D.A. Schulte v. Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

negotiation or bargaining between employers and employees," *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), employees can settle or compromise claims arising under the FLSA only if the settlement is supervised by the Department of Labor or approved by a federal district court. *Anthony v. Concrete Supply Co.*, No. 3:16-cv-70-TCB, 2017 WL 5639933, *1 (N.D. Ga. Aug. 23, 2017) (citing *Lynn's Food Stores*, 679 F.2d at 1353); *accord Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

The Court's role in supervising an FLSA settlement is to scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute, or alternatively, whether it results from an employer's use of its superior bargaining position to take advantage of its employees. *Lynn's Food Stores*, 679 F.2d at 1354–55; *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919–20 (11th Cir. 2013). Where a settlement reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In reviewing FLSA settlements, courts in this judicial district "often apply a two-step approach," asking first "whether the compromise is fair and reasonable to the employee," and second "whether the compromise otherwise impermissibly

frustrates implementation of the FLSA . . . ." *Anthony*, 2017 WL 5639933 at *1 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp.2 d 1227, 1241 (M.D. Fla. 2010)). Factors that courts consider when evaluating whether a settlement is fair and reasonable include the following:

> (1)    the existence of fraud or collusion behind the settlement;
>
> (2)    the complexity, risk, expense, and likely duration of the litigation;
>
> (3)    the stage of the proceedings and the amount of discovery completed;
>
> (4)    the strength of the plaintiff's case and the probability of plaintiff's success on the merits;
>
> (5)    the range of possible recovery; and
>
> (6)    the opinions of the counsel.

*George v. Academy Mortgage Corp. (UT)*, 369 F. Supp. 3d 1356, 1369 (N.D. Ga. 2019). Furthermore, the fact that employees in an FLSA lawsuit are "represented by an attorney who can protect their rights under the statute" makes it "more likely" that the proposed settlement reflects "a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

In addition to reviewing the Plaintiff's recovery under an FLSA settlement agreement, the "FLSA requires judicial review of the reasonableness of counsel's

legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. The FLSA provides for a mandatory award of "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Whether fees are to be computed based on Plaintiffs' counsel's lodestar (i.e., the multiplication of counsel's reasonable hourly rates by the hours reasonably expended on the case) or as a contingency of the overall recovery, "the Court's duty is to assess the reasonableness of such fees under the circumstances." *Aguirre v. S. Fla. Multispecialty Assocs., LLC*, No. 14-CIV-21660-BLOOM/Valle, 2014 WL 12539725, *1 (S.D. Fla. Aug. 19, 2014); *accord Brenowitz v. Implant Seminars, Inc.*, No. 17-20184-CIV-GOODMAN, 2017 WL 3438879, *2 (S.D. Fla. 2017); *Nawaz v. Dade Med. Coll. Inc.*, No. 15-24129-CIV-LENARD/GOODMAN, 2017 WL 11220371, at *2 (S.D. Fla. Aug. 29, 2017), *R&R adopted at* 2017 WL 11220372 (Sept. 29, 2017).

Whether a proposed attorney's fee award is reasonable "will depend on the specifics of the particular case." *Brenowitz*, 2017 WL 3438879 at *2. Factors courts have looked to when making this determination include, without limitation, the following:

> A. The amount of risk assumed by plaintiffs' counsel, *Brenowitz*, 2017 WL 3438879 at *3, including risks associated with any affirmative

defenses asserted by the defendants, *id.* At *4, or any "genuine coverage and computation issues in dispute," *id.* At *5;

B.  The time and effort expended by plaintiffs' counsel in pursuing the claims, and the extent to which their work on this case prevented them from working on other matters, *Nawaz*, 2017 WL 11220371 at *4;

C.  The results obtained by plaintiff's counsel, *Nawaz*, 2017 WL 11220371 at *4;

D.  Whether "a plaintiff is sacrificing a portion of his unpaid wages recovery to fund plaintiff's attorney's fees," *Brenowitz*, 2017 WL 3438879 at *3;

E.  Whether the plaintiff has consented to the amount that he is to receive under the settlement, after the award of attorneys' fees, *Aguirre*, 2014 WL 12539725 at *1;

F.  Whether the record shows that the plaintiff agreed to a contingency fee agreement when retaining counsel, *Brenowitz*, 2017 WL 3438879 at *3;

G.  Whether any contingency fee sought "falls within the range of the private marketplace, where contingency-fee arrangements are often between 30 and 40 percent of any recovery," *George*, 369 F. Supp.3d at 1382; and

H.  Whether the relationship of any contingency fee to be awarded relative to plaintiffs' counsel's lodestar is reasonable, *Brenowitz*, 2017 WL 3438879 at *4.

I.  Finally, in conducting its analysis of the proposed settlement agreement and the application of the foregoing factors, the Court should keep in mind the "strong policy and presumption" in favor of settlements. George, 369 F. Supp. 3d at 1367.

This case was not complex; but did involve disputed factual issues regarding

whether the Plaintiffs were required to work off the clock and the number of hours

worked by Plaintiffs each workweek. This case was settled after informal discovery of available records.

Plaintiffs and their counsel had sufficient information at the time the case was conditionally settled to determine that the settlement provides them with a significant portion (*i.e.,* 95%) of the highest measure of damages they would receive if they prevailed at trial. This factor, too, weighs in favor of approving the Settlement Agreement.

## V. <u>SUMMARY OF SETTLEMENT TERMS</u>

Plaintiffs were in possession of some pay records, time records and text messages that they maintained during the course of their work for Defendant. Defendant also provided certain pay and time records. Based on these records, their own memories, and using estimates for off-the-clock work time, for which no records were available, Plaintiffs and their counsel estimated that Emelike was owed approximately $4,081.97 in unpaid overtime and $3500 in unpaid commissions for a total of $7,581.97. Plaintiffs and their counsel also estimated that Barker was owed approximately $10,945.40 in unpaid overtime.

The negotiated settlement in this case provides:

- Emelike a total of $11,469.84, representing approximately 95% of Emelike's claimed overtime wages due ($3,877.87) and 95% of

Emelike's claim for unpaid commissions ($3,325.00) in unpaid commissions, as well as 95% of Emelike's claimed liquidated damages ($3,877.87),

- Barker a total of $20,796.26, representing approximately 95% of Barker's claimed overtime wages due ($10,398.13), 95% of Plaintiff's claimed liquidated damages ($10,398.13), and

- Reimbursement of attorneys' fees and costs in the amount of $11,455.26.

Plaintiffs and their counsel are parties to retainer agreements. Pursuant to these retainer agreements, the amount of attorneys' fees and costs also includes twenty-five percent (25%) of liquidated damages. Prior to entering into the retainer agreement, counsel offered Plaintiffs the option of depositing a cost retainer or assigning 25% of eventual liquidated damages to counsel in return for counsel's agreement to fund costs without recourse. Plaintiffs opted to assign 25% of eventual liquidated damages to counsel in return for counsel's agreement to fund costs without recourse.[7]   Plaintiffs' counsel will receive, therefore, a total of $15,024.26

---

[7] See *Moore v. Americus Restaurant Group, Inc*., 1:17-cv-107(WLS), Dkt. 21 (M.D. Ga. October 6, 2017) (The Court discussed the 25% arrangement in approving an attorneys' fee award noting that the "[F]ee agreement to advance costs provided that Plaintiff may choose to personally bear the costs of litigation or have the firm hold

in attorneys' fees and costs.  Counsel currently has a total of $467.00 in tracked expenses (filing and service fees) and over $14,367.42 in legal time at hourly rates that have been previously approved in this District[8]. The complete payments to Plaintiffs and their counsel are due within twenty-one days of the Court's approval of the settlement.

## VI.   **CONCLUSION**

This Settlement is reasonable and fair in all respects.  For this reason and for the reasons hereinbefore set out, the Parties pray that the Court approve the Settlement Agreement, administratively close the case, pending the Parties' submission of joint stipulation of dismissal after the consideration set forth in the Settlement Agreement has been paid. The Parties further request that the Court retain

---

him harmless in the event of no recovery for a fee of 25% of liquidated damages. Plaintiff chose the latter."))

[8] See *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, Civil Action No. 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018) (approving $425 for all partners, $325 for associate Matthew Herrington, $165 for senior paralegal Jessica Sorrenti, and $125 for paralegal Sarah Toenes); Accord, e.g., *Smith, et.al. v. Childfirst 24 Hour Childcare, et.al.*, 1:18-cv-03786-WMR, NDGa, Dkt. 56: "the attorney's fees . . . are reasonable and customary;" *Haddock v. Jasper County, Georgia*, 5:18-cv-00292-MTT (MDGa, Dkt. 14); *Willis v. Nishi Dreams, et.al.* 1:19-CV-00986-AT (NDGa, Dkt. 17).

jurisdiction to enforce the terms of the Settlement Agreement. A proposed order is attached hereto for the Court's consideration.

Respectfully submitted, this 14th day of July 2021.

| **Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC** | **BUSBY & NEGIN, INC.** |
|---|---|
| */s/ Kevin D. Fitzpatrick, Jr.* | */s/ Ronald F. Negin* |
| Kevin D. Fitzpatrick, Jr. | Ronald F. Negin |
| Georgia Bar No. 262375 | Georgia Bar No. 537190 |
| */s/ Charles R. Bridgers* | */s/ Eric M. Jenniges* |
| Charles Bridgers | Eric M. Jenniges |
| Georgia Bar No. 080791 | Georgia Bar No. 222426 |
| | |
| 101 Marietta Street, NW | 8200 Roberts Drive |
| Suite 2650 | Suite 201 |
| Atlanta, GA 30303 | Atlanta, GA 30350 |
| Telephone: (404) 979-3150 | Telephone: (470) 275-3042 |
| Facsimile: (404) 979-3170 | Facsimile: (470) 529-4399 |
| E-mail: | Email: |
| kevin.fitzpatrick@dcbflegal.com | rfn@busbynegin.com |
| charlesbridgers@dcbflegal.com | emj@busbynegin.com |
| | |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |

### Certification of Counsel

Pursuant to LR. 7.1D NDGa, the above counsel certify that the within and foregoing motion was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **NKECHINONYEREM EMELIKE**<br>**And ERICA BARKER,** | : **Civil Action No. 1:20-cv-05225-MHC** |
| | : |
| **Plaintiffs,** | |
| | : |
| vs. | |
| | : |
| **JRK RESIDENTIAL GROUP, INC.,** | |
| | : |
| **Defendant.** | |

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel further certifies that the within and foregoing motion has been filed with the clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all attorneys of record.

Respectfully submitted,

**Delong, Caldwell, Bridgers,**
**Fitzpatrick & Benjamin, LLC**

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375