## SETTLEMENT AND LIMITED RELEASE AGREEMENT

This Settlement and Limited Release Agreement ("Agreement") is made by Plaintiffs Nkechinonyerem Emelike ("Emelike") and Erica Barker ("Barker") on the one hand, and Defendant JRK Residential Group, Inc., ("Defendant") on the other hand. Plaintiffs Emelike and Barker are collectively "Plaintiffs," and together with Defendant will be referred to as the "Parties."

## RECITALS

A.   Plaintiffs are former employees of Defendant. On December 28, 2020, Plaintiffs filed a lawsuit, in the United States District Court, Northern District of Georgia , bearing Case No. Case 1:20-cv-05225-MHC (the "Action"). The Parties were to proceed to arbitration pursuant to a Consent Order, and reached this settlement prior to doing so.

B.   The Action alleges that: (a) the Plaintiffs either were or should have been classified as non-exempt employees,; (b) they worked overtime each week "off-the-clock" for which they were not paid; and (c) were subjected to a one-hour automatic deduction for meal breaks irrespective of whether they free from duty during the entirety of those times. Plaintiff Emelike further alleges that she was not paid all commissions owed. On this basis, Plaintiffs allege Counts for Failure to Pay Overtime, Breach of Contract, Quantum Meruit, and Promissory Estoppel, and sought damages as further alleged therein. Defendant disputes all allegations and liability.

C.   The Parties now desire to settle all of Plaintiffs' claims that are alleged, or that could have alleged, against the Released Parties, arising out of the facts, circumstances, and primary rights in the operative Complaint in this Action or otherwise pursuant to the Fair Labor Standards Act ("FLSA.") "Released Parties" means Defendant and all of its past and present owners, officers, directors, shareholders, employees, agents, assigns, attorneys, insurers, parent companies, subsidiaries, and affiliates, and their respective predecessors, successors, assigns, and any other person or entity which could be jointly liable with Defendant.

NOW, THEREFORE, to avoid the substantial expense and inconvenience of possible litigation, and in consideration of the promises and agreements set forth below, the Parties agree as follows:

1.   **Settlement Payment.** Within 20 days of meeting all preconditions set forth in Paragraph 1.4 below, Defendant will pay the sum of Forty-Three Thousand, Three-Hundred, Thirty-Two Dollars and 26/100 ($43,332.26) (the "Settlement Payment") as follows:

   1.1   The checks which comprise the Settlement Payment shall be made payable as follows:

      1.1.1   To Plaintiff Barker in the amount of $10,398.13 for alleged wages, less all employee wage withholdings required by law. Defendant will issue an IRS Form W-2 to Plaintiff Barker reflecting his amount.

      1.1.2   To Plaintiff Barker in the amount of $10,398.13 for liquidated damages, as to which no withholdings shall be made.

1.1.3 To Plaintiff Emelike in the amount of $7,202.87 for alleged wages and commissions, less all employee withholdings as required by law. Defendant will issue an IRS Form W-2 to Plaintiff Emelike reflecting his amount.

1.1.4 To Plaintiff Emelike in the amount of $3,877.87 for liquidated damages, as to which no withholdings shall be made.

1.1.4 To Plaintiffs' counsel, Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, in the amount of $11,455.26.

1.2 Plaintiffs understand and acknowledge that they shall not be entitled to any payments or benefits from Defendants or the Released Parties other than those expressly set forth in Paragraph 1.1 above.

1.3 The checks representing the Settlement Payment shall be sent to Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, located at 101 Marietta Street, N.W., Suite 2650, Atlanta, Georgia 30303.

1.4 To be entitled to this Settlement Payment, all of the following preconditions must have occurred: (i) Plaintiffs properly and fully execute this Agreement; (ii) the Court enters an Order approving this Settlement; and (iii) Plaintiffs' counsel submit its W-9 form to Defendant. The Settlement Payment will be made within 21 days following the date on which all preconditions have been met.

2. **Limited Release**.

2.1 In consideration for the Settlement Payment, Plaintiffs hereby voluntarily agree to forever release JRK, together with its parents, subsidiaries, and affiliates and each of its respective present and former owners, officers, directors, employees, agents, representatives, attorneys, insurers, administrators, predecessors, successors, assigns, and all other related persons, firms, and associations of the aforementioned business entities who could be held liable or responsible for the claims alleged in the Complaint ("Released Parties"), from all manner of actions or causes of action, suits, proceedings (whether civil, administrative, or otherwise), debts, sums of money, accounts, controversies, damages, judgments, liabilities, claims, demands, costs or expenses pertaining to the payment of wages, commissions or overtime wages which were, could have been, or could be brought under the FLSA as of the date of execution. Plaintiffs further agree not to sue or to authorize anyone else to file a lawsuit on their behalf against JRK or any of the Releasees based on any such claims released in this Agreement.

2.2 Plaintiffs each acknowledge that she may discover facts or law different from, or in addition to, the facts or law she knows or believes to be true regarding the Claims released in this Agreement and agrees nonetheless this Agreement, and the release contained in it, will be and remain effective in all respects, notwithstanding such different or additional facts or the discovery of them.

2.3 Plaintiffs each declare and represent that she intended this Agreement to be complete and not subject to any claim of mistake or duress, and that the release in this Agreement expresses a full and complete release of the Claims. Plaintiffs each intend the release to be final

and complete. Plaintiffs execute this release knowing the release covers all possible claims against the Released Parties to the fullest extent permitted by law, except claims based on an alleged breach of this Agreement.

3. **Warranty of No Pending Claims**. Plaintiffs each warrant and represent that she has contacted no governmental agency for the purpose of initiating a claim against any of the Released Parties or reporting potential legal violations by any of the Released Parties. Except as may be necessary to enforce this Agreement, and to the fullest extent permitted by law, Plaintiffs agree not to permit, authorize, initiate, encourage, support, join or continue any lawsuit, administrative charges or complaints (including charges of discrimination), arbitrations or proceedings (collectively, "Proceedings") against any of the Released Parties based on any claim covered by this Agreement. If, without prior knowledge and consent, Plaintiff is made a member or representative of a class in any proceeding, she agrees to opt out of the class at the first opportunity. Notwithstanding the above, nothing in this Agreement shall be construed to prohibit Plaintiff from filing a charge with or participating in an investigation or proceeding conducted by the EEOC, NLRB, or comparable state or federal agency. Plaintiffs each understand that she has waived and released any and all claims for money damages and equitable relief that Plaintiff may recover from the Defendants pursuant to the filing or prosecution of any administrative charge against Defendants by Plaintiff, or any resulting civil proceeding or lawsuit brought on either Plaintiff's behalf for the recovery of such relief, and which arises out of the matters that are and may be released or waived by this Agreement.

4. **No Admissions**. In entering this Agreement, Defendant and the Released Parties make no admission that any of them have engaged, or is now engaging, in any unlawful conduct. Defendant disputes that any unlawful conduct occurred. This Agreement does not admit liability, but is a compromise of disputed claims that remain untested. It is understood there has been no trial or adjudication of any issue of fact or law relating to either Plaintiff's claims, and that Defendant wants to avoid further time and expense by entering this Agreement.

5. **No Waiver**. No waiver by any Party of any breach of any term or provision of this Agreement will be construed to be, nor will be, a waiver of any preceding, concurrent, or succeeding breach of that term or provision, or any other term or provision, of the Agreement. No waiver will be binding unless in writing and signed by the Party waiving the breach.

6. **Severability**. Should it be determined by a court that any term of this Agreement is unenforceable, that term will be deemed deleted. However, the validity and enforceability of the remaining terms will not be affected by the deletion of the unenforceable term.

7. **Binding on Successors**. The Parties agree this Agreement will be binding on, and inure to the benefit of, their successors, heirs, and/or assigns.

8. **No Assignment**. The Plaintiffs each warrant and represent that she has not assigned or transferred to any person not a party to this Agreement, any released matter, or any right to any consideration provided in this Agreement.

9.  **Consultation with Counsel and Voluntary Agreement.** The Parties represent that they have entered into this Agreement knowingly and voluntarily, after consulting with their attorneys, with a full understanding of all of its terms.

10. **Entire Agreement; Modification.** This Agreement contains the entire agreement between the Parties regarding the subject described herein. It is agreed there are no collateral agreements or representations, written or oral, which are not contained in this Agreement. This Agreement may be amended only by a written instrument executed by the Parties.

11. **Execution in Counterparts.** This Agreement may be executed in counterparts, and, if so executed, will have the same force and effect it would have if the Parties executed a single original of this Agreement. Execution and delivery of this Agreement by way of facsimile, or PDF will constitute a valid and binding execution and delivery of this Agreement by such Party.

12. **Construction of Agreement.** Counsel for the Parties have reviewed and participated in the drafting of this Agreement. The normal rule of construction that ambiguities shall be resolved against the drafter shall not be applied in the interpretation of this Agreement.

13. Plaintiffs will file a stipulation of dismissal with prejudice.

DocuSigned by:
_____
42066D3A002D451...
Nkechinonyerem Emelike, an individual
Dated: July 14, 2021


_____
Erica Barker, an individual
Dated: July ___, 2021


JRK Residential Group, Inc.

By: _____
Its:  Authorized Officer
Dated: July 12, 2021

9. **Consultation with Counsel and Voluntary Agreement.** The Parties represent that they have entered into this Agreement knowingly and voluntarily, after consulting with their attorneys, with a full understanding of all of its terms.

10. **Entire Agreement; Modification.** This Agreement contains the entire agreement between the Parties regarding the subject described herein. It is agreed there are no collateral agreements or representations, written or oral, which are not contained in this Agreement. This Agreement may be amended only by a written instrument executed by the Parties.

11. **Execution in Counterparts.** This Agreement may be executed in counterparts, and, if so executed, will have the same force and effect it would have if the Parties executed a single original of this Agreement. Execution and delivery of this Agreement by way of facsimile, or PDF will constitute a valid and binding execution and delivery of this Agreement by such Party.

12. **Construction of Agreement.** Counsel for the Parties have reviewed and participated in the drafting of this Agreement. The normal rule of construction that ambiguities shall be resolved against the drafter shall not be applied in the interpretation of this Agreement.

13. Plaintiffs will file a stipulation of dismissal with prejudice.

_____
Nkechinonyerem Emelike, an individual
Dated: July ___, 2021

_____
DocuSigned by: ElBonker
D3CCF1A0DF1D4BE...
Erica Barker, an individual
Dated: July 14, 2021

JRK Residential Group, Inc.

By: _____
Its:   Authorized Officer
Dated: July 12, 2021